# Carlisle School District *versus* Hepburn.

1. A school tax was assessed on national bank stock in 1870, which was unpaid. On the 19th of January 1871, the bank paid the state tax of one per cent., being the tax of 1871, under Act of April 12th 1867, sect. 5. *Held*, that the holder of stock was not exempt from the school tax of 1870.

2. The state assessor assessed the stock at $150, the par value being $100. the return was duly made and there was no appeal. *Held*, that a tax imposed by the school directors on that valuation was not void; if the assessment was wrong the remedy was by appeal to the auditor-general under the Act of April 2d 1868.

May 10th 1873. Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the Court of Common Pleas of *Cumberland county:* Of May Term 1872, No. 84.

This suit was an amicable action and case stated, in which the School District of Carlisle was plaintiff and Samuel Hepburn defendant. The action was entered and the case stated filed April 30th 1872. The facts agreed to in the case are as follows:—

Samuel Hepburn, the defendant, of the borough of Carlisle, was the owner of 460 shares of the capital stock of The First National Bank of Carlisle. The par value of the stock was $100 per share.

[Carlisle School District *v.* Hepburn.]

The stock of the bank was assessed under the Acts of April 12th 1867, Pamph. L. 74, April 2d 1868, Pamph. L. 65, 1 Br. Purd. 142, pl. 86 *et seq.*, at the value of $150 per share. The assessment was returned to the commissioners of Cumberland county on the 3d of March 1870. The real estate of the bank being a house and lot in Carlisle, and forming part of the capital stock of the bank, was returned by the assessor for 1870 at a valuation of $3200. A tax of five mills on the dollar, amounting to $16, was assessed for county purposes for 1870 on the said real estate, and paid by the bank September 12th 1870. A state tax of three mills on the dollar and a county tax of five mills on the dollar was assessed by the county commissioners for 1870 on each share of stock of the bank in the hands of the owner. The state tax, amounting to $225, was paid by the bank August 1st 1870. The county tax of $375 is unpaid. The School District of Carlisle, by resolutions of May 2d and June 6th 1870, assessed for that year on the real estate a school tax of nine and a half mills on the dollar, amounting to $34.30; also a school tax of nine and a half mills on the dollar on each share of stock in the hands of the owner, of which $655.50 was assessed on the 460 shares of stock owned by the defendant. The school tax on the real estate was paid by the bank August 1870; the school tax on the stock is unpaid. On May 6th 1870 the councils of Carlisle assessed a borough tax of five mills and a bounty tax of three mills on the dollar on the real estate owned by the.bank, and a borough tax of five mills and bounty tax of three mills on the dollar on stock of the bank in the hands of the owner. The borough and bounty tax on the real estate was paid by the bank on the 28th of June 1870. On the 19th of January 1871 the bank accepted the provisions of the Act of March 31st 1870, Pamph. L. 42, 1 Br. Purd. 143, pl. 96, *et seq.*, relating to taxation on shares in national banks, and on the 19th and 20th of January 1871 paid to the state treasurer $500, being one per cent. on the par value of the capital stock. For the year 1871, county, school, borough and bounty taxes have been assessed on the real estate of the bank, but no municipal taxes have been assessed for that year ·on the stock of the bank.

" 1. If the court shall be of opinion that the shares of said bank, belonging to the defendant, were liable to taxation at the rates assessed thereon by the plaintiff at the time the same were assessed for the year 1870, then judgment to be entered for the plaintiff for $655.50.

" 2. If the court shall be of opinion that the payment of one per centum of the par value of the capital stock of said bank to the state treasurer on the 19th day of January 1871, in compliance with the Act of March 31st 1870, exempted the shares of said ·bank in the hands of the holder thereof from all municipal taxa-

[Carlisle School District *v.* Hepburn.]

tion for the year 1870, then judgment to be entered for the defendant.

" 3. If the court shall be of opinion that the payment by the said bank of one per centum on the par value of said stock to the state treasurer, before the 20th of January 1871, exempts the real estate of said bank from all taxation for municipal purposes for 1871, then judgment for the defendant for $34.30.

" 4. If the court shall be of opinion that the school directors had authority to levy and collect taxes upon said bank shares, to a greater amount than has been paid to them under the facts stated, then judgment to be entered for the plaintiffs for such amount as the court may think still due ; but if defendant has paid to plaintiffs all the taxes legally due to them upon said bank capital and stock, then judgment for defendant.

" 5. If the levy and assessment of said taxes be illegal and void for the reason that they are assessed at the rate of $150 per share, while the par value thereof is but $100 per share, then judgment for defendant."

The Act of April 12th 1867 provides, sect. 1, that stock in national banks shall be taxed in the hands of the holders at the same rate as state banks, viz., three mills on the dollar of the value of the stock. Sect. 2. The auditor-general and state treasurer are required to appoint assessors to visit all the national banks and assess on the stockholders the actual value of the stock held by each, make a list and return it to the county commissioners ; and the amount of the taxes thus found to be due to the Commonwealth shall be collected on other taxes. Sect. 5. If any bank shall pay to the Commonwealth one per cent. per annum on the par value of its stock, " the shareholders of said bank shall be exempt from all other taxation on the value of said shares." The Act of April 1868 provides, sect. 1, " No share of the stock of any national bank shall be appraised higher than the current value of the stock in the market where the bank is located." Any stockholder may appeal to the auditor-general, who shall have power to adjust the assessment and abate and increase the assessment as he may think proper. Sect. 2. The assessors, on completing their assessments, shall return them to the auditor-general and give public notice of the valuation, by putting up notice in the bank, &c., and any shareholder dissatisfied with the valuation, may enter his appeal with the auditor-general in thirty days from putting up the notices.

By the Act of March 31st 1870, section 3, all national banks are to be taxed for state purposes at three mills on the assessed value, " and for county, school and municipal and local purposes at the same rate as * * * upon other moneyed capital in the hands of individual citizens of this state."

Sect. 4. If any bank, &c., shall elect to collect annually from its shareholders a tax of one per cent. on the par value of the

29 P. F. SMITH—11

[Carlisle School District *v.* Hepburn.]

shares, and pay it into the state treasury on or before the 20th of January of each year, "the said shares, capital and profits, shall be exempt from all other taxation under the laws of· this commonwealth."

The court (Junkin, P. J.) decided that by the acceptance by the bank of the Act of March 31st 1870, and paying the state tax assessed by that act and the Act of April 12th 1867, sect. 5th, it was relieved from the payment of the school taxes as well as the others for 1870. The court held also that the stock could not be assessed at a higher valuation than its par value.

Judgment was therefore entered for the defendant. This was assigned for error, on the removal of the record to the Supreme Court by writ of error.

*H. Newsham* and *C. P. Humrich,* for plaintiff in error.—Stock in national banks is liable to state tax: Acts of Congress of June 3d 1864, February 10th 1868; Mintzer *v.* Montgomery County, 4 P. F. Smith 140. They referred to and discussed the Acts of April 12th 1867, April 2d 1868, Act of July 19th 1866, sect. 1, Pamph. L. 1363, which provide that the real estate of national banks shall not be exempt from local taxation. The assessment at $150 is binding, there having been no appeal. Act of April 15th 1850, Pamph. L. 601, provides that the commissioners of Cumberland county shall annually furnish the school directors with a copy of the last adjusted valuation of all subjects, &c., taxable by the laws of the Commonwealth; such subjects are thereby made taxable for school purposes; so by Act of May 8th 1854, sect. 29, Pamph. L. 623, 1 Br. Purd. 245, pl. 63. The real estate being that of a private corporation was taxable without regard to the taxation of the stock: Carbon Iron Co. *v.* Carbon County, 3 Wright 255; Lackawanna Iron & C. Co. *v.* Luzerne County, 6 Id. 424. They cited also Everitt's Appeal, 21 P. F. Smith 216.

*S. Hepburn, Jr.,* for defendant in error, cited Gorgas's Appeal, antea, p. 149.

Mr. Justice WILLIAMS delivered the opinion of the court, January 1874.

It may be conceded that the defendant's stock would have been exempt from the tax levied on its assessed value by the school directors, by resolution of the 2d May 1870, if the bank had paid a tax of one per centum on the par value of its capital stock for that year. But it did not, as the case stated shows, and, therefore, the stock was taxable for state, county, school and other purposes, under the 3d sect. of the Act of 31st May 1870 Pamph. L. 42. On the 1st of August 1870, the bank paid a state tax of three mills on the assessed value of its stock for that year; and

[Carlisle School District *v.* Hepburn.]

on the 19th of January 1871 it paid into the state treasury a tax of one per centum on the par value of its capital stock, which, as the amount settled by the auditor-general shows, was the tax for that year. The payment of this tax was made under the provisions of the 4th sect. of the act; and it exempted the stock from all other taxation for the year 1871, but it did not discharge the taxes which had been levied and assessed under the 3d section of the act the previous year : Everitt's Appeal, 21 P. F. Smith 216 ; Price *v.* Commissioners of Montgomery County, decided at Philadelphia, January Term 1873. The defendant's stock was not taxed at a higher rate on its assessed value than other moneyed capital in the hands of individual citizens, and it does not follow that the tax imposed by the school directors was illegal and void, because the stock was assessed at $150 per share, while its par value was but $100. The school directors, in imposing the tax, did not open or fix the value of the defendant's stock. They levied the tax on its assessed value as returned by the assessors; and this was clearly right, for they had no other taxes on which to levy it. The assessment was made under the Acts of 12th April 1867, Pamph. L. 74, and 2d April 1868, Pamph. L. 55, by assessors appointed by the auditor-general and state treasurer. It was their duty under these acts to assess the value of the stock, but not to appraise it higher than its current value in the market, where the bank is located. If they had no right under the Act of Congress to appraise the stock above its par value for purposes of taxation, the defendant should have appealed to the auditor-general under the provisions of the Act of 2d April 1868, for such an abatement of its assessed value as would reduce the assessment to its par value. Having failed to appeal, the defendant must be deemed to have waived all objections that he might have made to the assessment, and he cannot now object that the tax is illegal and void, because it was levied on an assessment which was erroneously made. The objection comes too late ; and, therefore, he cannot set up as a defence to this action that the taxation of his stock was illegal because the tax was levied on an assessment made on the basis of its current value in the market instead of its par value. His only remedy for the alleged illegal assessment was an appeal to the auditor-general, and having failed to appeal he is concluded by the assessment : Clinton School District's Appeal, 6 P. F. Smith 315 ; Stewart *v.* Maple, 20 Id. 223 ; Everitt's Appeal, 21 Id. 216. It follows that the plaintiffs, under the case stated, are entitled to judgment for the amount of the tax they levied and assessed on the defendant's stock ; and that the court below erred in entering judgment for the defendant.

Judgment reversed, and judgment for the plaintiffs against the defendant on the case stated for $655.50.